UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KUEHNE + NAGEL INC., <br><br> Plaintiff, <br><br> v. <br><br> NEPTUNE HEALTH & WELLNESS INNOVATION, INC., <br><br> Defendant. | **COMPLAINT** <br><br> Case No. 1:23-cv-08066 |

**COMES NOW**, Plaintiff, KUEHNE + NAGEL INC. ("K+N"), by and through the undersigned attorneys, and sues Defendant, NEPTUNE HEALTH & WELLNESS INNOVATION, INC., and alleges upon information and belief:

## JURISDICTION AND VENUE

1. At all relevant times mentioned herein, Plaintiff K+N was and still is a New York Corporation with its principal place of business in Jersey City, New Jersey.

2. At all relevant times mentioned herein, Defendant, NEPTUNE HEALTH & WELLNESS INNOVATION, INC. ("Neptune") is a Delaware corporation with its principal place of business in Conover, North Carolina.

3. This matter involves damages in excess of $75,000 and thus this court has jurisdiction pursuant to 28 U.S.C. § 1332.

4. Venue is appropriate in this Court based upon the mandatory forum selection clause in the Credit Application executed by the parties and the terms and conditions expressly incorporated therein.

**GENERAL ALLEGATIONS**

5. On or about September 7, 2021, Neptune executed K+N's Credit Application Form attached hereto as Exhibit "A" (hereinafter "Agreement"). Pursuant thereto, Toni Rinow, as an authorized representative of Neptune, acknowledged that he had received and read K+N's standard terms and conditions contained on K+N's website, and agreed that such terms shall govern the relationship between Neptune and K+N. (See Agreement at p. 5).

6. K+N's standard terms and conditions provide, in pertinent part:

> **21. Governing Law; Consent to Jurisdiction and Venue.**
> These terms and conditions of service and the relationship of the parties shall be construed according to the laws of the State of NEW YORK without giving consideration to the principles of conflict of law. Customer and Company
> (a) irrevocably consent to the jurisdiction of the United States District Court and the State courts of NEW YORK;
> (b) agree that any action relating to the services performed by Company, shall only be brought in said courts;
> (c) consent to the exercise of in personam jurisdiction by said courts over it, and
> (d) further agree that any action to enforce a judgement may be instituted in any jurisdiction.

(Exhibit "B," attached hereto and found at https://us.kuehne-nagel.com/-/terms-and-conditions/kn).

7. Pursuant to the Agreement, Neptune agreed to remit payment to K+N for all services rendered in a timely manner. (Exhibit "A").

8. Further, upon non-payment of any past-due balance owed by Neptune to K+N, which requires "for K+N to refer the account to a collection agency and/or attorney, all reasonable collection and legal fees are to be paid by [Neptune]." (Exhibit "A").

9. Here, K+N performed all services required of it under the Parties' agreement, and K+N provided invoices to Neptune for each service rendered by K+N.

10. Neptune retained said invoices as they were delivered by K+N and Neptune did not object to any of the invoices or statements of monies owed. K+N requested payment of outstanding monies owed by Neptune to K+N and Neptune failed and refused to tender payment to K+N.

11. Neptune now owes K+N monies in the amount of $94,707.40 and such amount is accruing with interest, as reflected in the Statement of Account attached hereto as Exhibit "C".

## COUNT I
## ACCOUNT STATED

Plaintiff repeats and re-alleges the allegations contained in Paragraphs one (1) through eleven (11) and further states:

12. That prior to the institution of this action, K+N and Neptune entered into the Agreement pursuant to which K+N rendered services for the benefit of Neptune and Neptune agreed to be bound.

13. That K+N performed all services required of it under the Parties' agreement.

14. That K+N provided invoices to Neptune for each service rendered by K+N.

15. That Neptune retained said invoices as they were delivered by K+N and Neptune did not object to any of the invoices or statements of monies owed.

16. That there was, and still is, an implicit and/or explicit promise by Neptune to pay this balance to K+N as it came due.

17. That K+N requested payment of the outstanding monies owed by Neptune to K+N and Neptune failed and refused to tender payment to K+N.

18. That Neptune now owes K+N monies the amount of $94,707.40 and such amount is accruing with interest, as reflected in the Statement of Account attached hereto as Exhibit "C".

**WHEREFORE**, Plaintiff, K+N, requests this Honorable Court to award it damages in the amount proven, plus interest, the expenses of collection and/or litigation, including reasonable attorney's fees and related costs and Court costs, and any other relief the Court deems appropriate.

## COUNT II
## OPEN ACCOUNT

Plaintiff repeats and re-alleges the allegations contained in Paragraphs one (1) through eleven (11) and further states:

19. That prior to the institution of this action, K+N and Neptune entered into the Agreement whereby K+N rendered services for the benefit of Neptune and Neptune agreed to be bound.

20. That Neptune owes K+N an unsettled debt for services rendered by K+N in amounts exceeding $94,707.40 that is accruing with interest. (Exhibit "C").

21. That K+N provided said services with the expectation of further transactions with Neptune and with the expectation of the settlement of said debt by Neptune.

22. That based upon the terms of the Agreement, an account existed between K+N and Neptune in which there was a series of credits and debits between the Parties, from which an account of monies owed by Neptune in amounts exceeding $94,707.40 can be ascertained.

23. That K+N requested payment of the outstanding monies owed by Neptune and Neptune failed and refused to tender payment.

24. As a result of the foregoing breach of contracts, Neptune is liable to K+N for damages in excess of $94,707.40 plus interest, the expenses of collection and/or litigation, and attorney's fees.

**WHEREFORE**, Plaintiff, K+N, requests this Honorable Court to award it damages in the amount proven, plus interest, the expenses of collection and/or litigation, including reasonable attorney's fees and related costs and Court costs, and any other relief the Court deems appropriate.

## COUNT III
## BREACH OF CONTRACT

25. Plaintiff repeats and re-alleges the allegations contained in Paragraphs one (1) through eleven (11) and further states:

26. That K+N and Neptune entered into a contractual relationship where K+N agreed to provide certain logistics services for Neptune and in consideration Neptune agreed to pay K+N certain monies.

27. That both parties mutually assented to the terms of the contractual relationship in which K+N was to provide certain services in connection with the transportation of certain goods and in consideration Neptune was to pay K+N certain monies.

28. That K+N performed all services required of it under the contractual relationship.

29. That K+N rendered invoices to Neptune evidencing the monies owed by Neptune, pursuant to the contractual relationship.

30. That as of this date, Neptune has not paid K+N the amounts exceeding $94,707.40 for services rendered pursuant to the contractual relationship.

31. That K+N requested payment of the outstanding monies owed by Neptune to K+N and Neptune failed and refused to tender payment to K+N, thereby constituting a material breach of the Parties' contractual relationship.

32. As a result of the foregoing breach of contracts, Neptune is liable to K+N for damages in excess of $94,707.40 plus interest, the expenses of collection and/or litigation, and attorney's fees. (Exhibit "C").

**WHEREFORE**, Plaintiff, K+N, requests this Honorable Court to award it damages in the amount proven, plus interest, the expenses of collection and/or litigation, including reasonable attorney's fees and related costs and Court costs, and any other relief the Court deems appropriate.

Dated: September 12, 2023                                       Respectfully submitted,

**SPECTOR RUBIN, P.A.**

By:   */s/ Andrew R. Spector*
Andrew Spector (AS-3887)
3250 Mary Street, Suite 405
Miami, FL 33133
andrew.spector@spectorrubin.com

*/s/ Troy Geisser*
Troy Geisser, (TG-9012)
11 Broadway, Suite 615
New York, New York 10004
Troy.geisser@spectorrubin.com
Telephone: (305) 537-2000
Facsimile: (305) 537-2001

***Attorneys for Plaintiff***

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed this 12 September 2023, *via the Court's CM/ECF system.*

                                              **SPECTOR RUBIN, P.A.**

By:   */s/ Andrew Spector*
       Andrew Spector (AS-3887)